UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE, | No. C 12-0716 RS (PR) |
|     Petitioner, | **ORDER DENYING PETITIONER'S MOTION TO FILE ACTION UNDER SEAL** |
|     v. | |
| C. GIPSON, Warden, | |
|     Respondent. | |

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. Petitioner "seeks to remain anonymous in prosecuting this [w]rit [p]etition in order to protect his safety and security in prison and beyond if this case is published." (Docket No. 1.) The Court construes this motion as a request to have the proceedings sealed. So construed, the motion is DENIED without prejudice.

A party seeking to seal a judicial record bears the burden of overcoming "a strong presumption in favor of [public] access" to judicial proceedings and records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). The presumption can be overcome only by articulating compelling reasons "that outweigh the

general history of access and the public policies favoring disclosure." *Id.* at 1135. The Court, then, must "conscientiously balance[ ] the competing interests" of the public and the moving party." *Id.* If the Court decides to seal the records, such decision must be based on "a compelling reason and articulate the factual basis for [the Court's] ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

Petitioner's vague and undetailed reasons, cited above, are in no way sufficient to meet this very high standard. Petitioner may file a renewed motion to proceed under seal within 30 days from the date of this order. If petitioner fails to file such a motion by such time, the Court will replace the current JOHN DOE in the above caption with petitioner's name, and the proceedings will continue as if no request to place the case under seal had been made. Petitioner is reminded that he must cite compelling reasons, and not simply articulate general concerns. The Clerk shall address the envelope with petitioner's actual name in order to ensure proper delivery of this order.

**IT IS SO ORDERED.**

DATED: June 12, 2012

RICHARD SEEBORG
United States District Judge