*E-Filed 2/25/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| T. HUGHES, | No. C 12-0716 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| C. GIPSON, Warden, | |
| Respondent. | |

**INTRODUCTION**

Petitioner seeks federal habeas relief from his state convictions. Respondent moves to dismiss as untimely the petition for such relief. For the reasons discussed herein, respondent's motion to dismiss (Docket No. 22) is GRANTED. The petition is DISMISSED.

**DISCUSSION**

**A.   Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by

unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### B.  Timeliness of the Petition

Petitioner's conviction became final on December 30, 2003, when the time expired for appealing to the United States Supreme Court the state supreme court's denial of his petition for review. Petitioner, then, had until December 31, 2004 to file a timely federal habeas petition. The instant petition was filed on February 14, 2012, well after the December 31, 2004 deadline. On this record, absent statutory or equitable tolling, or an equitable exception, the petition is barred by AEDPA's statute of limitations and must be dismissed.

#### 1.  Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2). On March 10, 2004, 71 days after his convictions became final, petitioner filed a petition for writ of *corum nobis* in the state supreme court, which transferred the petition to the court of appeal, which denied it on April 22, 2004. Eight hundred and thirty-one days later, on August 1, 2006,[1] petitioner filed a petition for writ of *corum nobis* in state superior court, which later denied it. Petitioner appealed to the state appellate court, which denied his appeal on July 3, 2008. On October 16, 2008, the state supreme court denied review. Petitioner filed his next petition for state collateral review on

---

[1] The exact filing day in April is unknown, so out of caution, the Court selects the first day.

December 4, 2008. He filed more petitions from 2008–2011, the last of which was denied by the state supreme court on November 30, 2011.

Petitioner is not entitled to statutory tolling. By the time he filed his August 1, 2006 petition, 902 days (71 + 831) had passed, which is more than the one year after his conviction became final. Accordingly, absent equitable tolling or an equitable exception, the petition is barred by the statute of limitations and must be dismissed.

### 2.     Equitable Tolling

Petitioner does not allege that he is entitled to equitable tolling, nor has he provided any support for any such assertion. Therefore, he has not shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

### 3.     Equitable Exception: Actual Innocence

Petitioner claims that he is entitled to an equitable exception[2] because he is innocent of the crimes of which he was convicted. It is true that "a credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]." *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc). *Schlup* requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Id.* at 324.

This equitable exception is not applicable here. Petitioner has not shown that in light of new evidence that it is more likely than not that "no reasonable juror would have

---

[2] An equitable exception is distinct from the doctrine of equitable tolling: "the phrase 'equitable tolling' is used in describing the use of equitable power to allow the untimely filing of a habeas petition in an actual innocence case. The more accurate characterization is 'equitable exception,' because equitable tolling involves different theoretical underpinnings." *Lee*, 653 F.3d at 932 n.5.

convicted him," *Schlup*, 513 U.S. at 327, or that "every juror would have voted to acquit him," *Lee*, 653 F.3d at 946 (citing *Schlup*, 513 U.S. at 327) (Kozinski, J. concurring).  In his petition, he alleges that his innocence is shown by (1) his pleading not guilty to the charges, (2) a trial exhibit ("Rules of Probation") was "fabricated," (3) many of the photographs found on his computer were irrelevant because their dates could not be precisely determined, and (4) the courts and the police conspired to obstruct justice.  Such assertions are insufficient to show actual innocence.  First, petitioner fails to show how such assertions, even if true, undermine the persuasiveness of the other evidence presented at trial, constitute exculpatory evidence, or otherwise show actual innocence.  The other evidence persuaded a jury that petitioner was guilty beyond a reasonable doubt of 12 counts of lewd acts on a child under the age of 14, four counts of rape with a foreign object, 19 counts of kidnapping and one count of misdemeanor possession of child pornography.  Second, none of these uncorroborated and largely conclusory assertions constitute "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."  Third, as to the specific allegations:  (1) the fact of his pleading guilty is not new evidence, (2) the slight discrepancies in the exhibits do not show fabrication, (3) petitioner has not shown how the alleged unknowability of the dates of the photographs exculpates him from charges of possessing such photographs, and (4) the conspiracy allegation is entirely conclusory, speculative, and without support.  In sum, petitioner has not shown that no reasonable juror would have convicted him.  Accordingly, petitioner has not shown that he is entitled to an equitable exception to AEDPA's statute of limitations.  The petition will be dismissed as untimely.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 22) is GRANTED.  Accordingly, the action is DISMISSED.  Petitioner's motions for an evidentiary hearing (Docket No. 19), for reinstatement of his "John Doe" status (Docket No. 20), and for a judgment of acquittal (Docket No. 21) are DENIED as moot.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The Clerk shall enter judgment in favor of respondent, terminate Docket Nos. 19, 20, 21, and 22, and close the file.

**IT IS SO ORDERED**.

DATED:  February 25, 2013

_____
RICHARD SEEBORG
United States District Judge